# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 18, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| THOMAS BOOKEY, *by his wife and* | * | |
| *guardian*, DENISE ROSENBLOOM, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 13-026V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' Fees and Costs; |
| AND HUMAN SERVICES, | * | Petitioner's Costs; |
| | * | Adjustment to Attorneys' Rates. |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Clifford J. Shoemaker, Shoemaker and Associates, Vienna, VA, for petitioner.
Glenn A. MacLeod, United States Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING FEES AND COSTS[1]

On January 4, 2013, Thomas Bookey, by his wife and guardian, Denise Rosenbloom ("petitioner"), filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that Mr. Bookey developed Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine received on or about October 11, 2011. Petition at ¶¶ 5, 6. On May 8, 2017, I issued a decision awarding compensation to petitioner based on the parties' stipulation. Decision on Stipulation.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On April 19, 2017, petitioner filed a motion for fees and costs. Petitioner's Motion. Petitioner's motion requests $82,674.85 in attorneys' fees and $37,894.48 in attorney's costs. Id. at 1. Petitioner's motion also requests reimbursement for $36,550.65 in personally incurred costs. Id. Petitioner filed a signed statement indicating that this covers all of the costs incurred in this action and that a retainer was not paid to petitioner's counsel, in compliance with General Order No. 9. Id. at 2.

On May 8, 2017, respondent filed his response to petitioner's motion for fees and costs. Respondent's Response. Respondent states that he is "satisfied the statutory requirements for an award for attorneys' fees and costs are met in this case." Id. at 2. He "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Id. at 3.

On May 10, 2017, petitioner filed a reply, which states that respondent's position regarding petitioner's fees and costs is overly burdensome on the Court and prejudices petitioner. Petitioner's Reply at 1-2. The reply also offered a further explanation of petitioner's motion for fees and costs. Id. at 2. The reply also requested an additional $1,446.20 in attorneys' costs.

Therefore, petitioner requests $84,121.05 in attorneys' fees and $37,894.48 in attorneys' costs, coming to a total request of $122,015.53 in attorneys' fees and costs. Petitioner also requests $36,550.065 in petitioner's personal costs. This matter is ripe for review.

I.      **Reasonable Attorneys' Fees and Costs**

   a.  **Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (Fed. Cl. 2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. Broekelschen v.

2

Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).  Just as "[t]rial court courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." Saxton, 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., 1992 WL 336502 at * 2-3 (Cl. Ct. Spec. Mstr. Nov. 2, 1992)).

### i. Hourly Rates

Petitioner requests the following hourly rates:

|  | 2012 | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|---|
| **Clifford Shoemaker** | $372 | $385 | $400 | $415 | $430 | $446 |
| **Renee Gentry** | N/A | $361 | $375 | $400 | $415 | $430 |
| **Sabrina Knickelbein** | N/A | $325 | $337 | $350 | $363 | $378 |

The requested rates for 2016 - 2016 are within the ranges provided in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *16 (Fed. Cl. Spec. Mstr. Oct. 18, 2016), and the Office of Special Masters' fee schedules.[3]  These rates have previously been found to be reasonable and have been awarded.  See, e.g., Mikkelson v. Sec'y of Health & Human Servs., No. 15-867V, 2016 WL 6803786 (Fed. Cl. Spec. Mstr. Oct. 3, 2016); Boylston v. Sec'y of Health & Human Servs., No. 11-117V, 2016 WL 3080574 (Fed. Cl. Spec. Mstr. May 10, 2016).  I find that they are also reasonable and should be awarded in this case.

However, the rates for 2017 require some adjustment.  Petitioner requests that Mr. Shoemaker receive $446 an hour for work performed in 2017.  Petitioner's Motion at 19-20; Petitioner's Reply at 4.  Mr. Shoemaker has been practicing law for over 40 years and has significant experience in the Vaccine Program.  However, the Office of Special Masters' fee schedule for 2017 provides that attorneys with the most experience (31+ years), may reasonably be awarded $394 - $440.  I will award Mr. Shoemaker the upper limit of this range, but not beyond it.  Therefore, I will set his hourly rate for work performed in 2017 at $440.

Petitioner requests that Ms. Gentry receive an hourly rate of $430 for work performed in 2017.  Petitioner's Motion at 35-36; Petitioner's Reply at 4.  Ms. Gentry has been practicing law for approximately 22 years; she is within the category of attorneys with between 20 – 30 years of legal experience, who may be awarded $358 - $424 for work performed in 2017.  I find that like Mr. Shoemaker, Ms. Gentry has significant experience in the Vaccine Program and belongs at the upper limit of this range, but cannot exceed it.  I will set Ms. Gentry's hourly rate for work performed in 2017 at $424.

Petitioner requests that Ms. Knickelbein, who has approximately 15 years of experience and considerable knowledge of the Vaccine Program, be paid an hourly rate of $378 in 2017.  Petitioner's Motion at 43.  This rate is consistent with McCulloch and the OSM fee schedule for 2017.  Therefore, I find that this rate is reasonable and should be awarded to Ms. Knickelbein.

---

[3] See United States Court of Federal Claims – OSM Attorneys' Forum Hourly Rate Fee Schedules, available at http://www.uscfc.uscourts.gov/node/2914 (last accessed May 18, 2017).

### ii. Hours Expended

Petitioner requests compensation for 55.6 hours entered by Mr. Shoemaker, 34.5 hours by Ms. Gentry, and 18.7 hours by Ms. Knickelbein. <u>See generally</u> Petitioner's Motion; Petitioner's Reply at 4. Petitioner submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. Based on the lack of objection from respondent and my review of petitioner's motion and reply, I find that the hours expended are reasonable and should be awarded in full.

### b. Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. <u>Perreira v. Sec'y of Health & Human Servs.</u>, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $37,894.48 in attorneys' costs. Petitioner's Motion at 1. These costs are for retaining a life care planner, obtaining medical records, and postage. <u>Id.</u> at 43-85.

Petitioner also requests reimbursement for $36,550.65 in personally incurred costs. <u>Id.</u> at 1. These costs are for insurance and legal expenses associated with appointing Ms. Rosenbloom as Mr. Bookey's guardian, filing the petition, postage, and shipping. <u>Id.</u> at 2-10; Petitioner's Exhibits 15, 16, 36, 52, 55. I find that both the attorneys' and petitioner's costs are reasonable and should be awarded in full.

## II. Conclusion

I will award fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $84,121.05 |
| - Adjustment to Mr. Shoemaker's 2017 Rate | - 50.40 |
| - Adjustment to Ms. Gentry's 2017 Rate | - 49.20 |
| **Attorneys' Fees Awarded** | **$84,021.45** |
| **Attorneys' Costs Awarded** | **$37,894.48** |
| **Total Attorney's Fees and Costs Awarded** | **$121,915.90** |
| **Petitioner's Costs Awarded** | **$36,550.65** |

Accordingly, I award the following:

1) **A lump sum in the amount of $121,915.90, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner, Thomas Bookey by his wife and guardian Denise Rosenbloom, and petitioner's counsel, Clifford J. Shoemaker of Shoemaker and Associates.**[4]

2) **A lump sum in the amount of $36,550.65, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner, Thomas Bookey by his wife and guardian Denise Rosenbloom.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the cour**t SHALL ENTER JUDGMENT** in accordance herewith.[5]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charged by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.